IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BODUM USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> BED BATH & BEYOND INC., <br><br> Defendant. | No. <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT
AND UNFAIR COMPETITION**

Plaintiff Bodum USA, Inc. ("Bodum"), by its attorneys, Vedder Price P.C., for its Complaint against Defendant Bed Bath & Beyond Inc. ("BB&B"), alleges as follows:

**NATURE OF THE ACTION**

1. This Complaint seeks injunctive relief and damages for BB&B's deliberate trademark infringement pursuant to 15 U.S.C. § 1114 (Count I), federal unfair competition pursuant to 15 U.S.C. § 1125(a) (Count II), unfair competition under Illinois common law (Count III), and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.* (Count IV).

**THE PARTIES**

2. Bodum is a Delaware corporation having its principal place of business in New York, New York. Bodum is in the business of, among other things, importing, distributing, promoting and selling specialty housewares, including a line of non-electric coffee makers and related items under the federally registered trademark CHAMBORD®, throughout the United States, including this Judicial District.

3. Upon information and belief, BB&B is a corporation organized under the laws of New York with its principal place of business in New Jersey. BB&B is a consumer products seller that previously sold housewares products supplied by Bodum. BB&B operates more than 900 retail stores in the United States and Canada.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Counts I and II of the Complaint under 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), because those claims involve questions of federal law. This Court also has jurisdiction over Counts III and IV under 28 U.S.C. §§ 1338(b) and 1367 because those claims are substantially related to the claims in Counts I and II under the United States trademark laws.

5. This Court has personal jurisdiction over BB&B under the Illinois Long-Arm Statute, 735 ILCS 5/2-209(a)(1), (2), (3), (10) and (b)(4), because BB&B regularly transacts business within Illinois; has committed tortious acts within Illinois causing injury to Bodum within the state; owns, uses or possesses real estate in Illinois; and has acquired ownership, possession or control of assets present in Illinois when ownership, possession or control was acquired. Further, this Court's exercise of personal jurisdiction over BB&B complies with the due process requirements of the United States Constitution and the Illinois Constitution.

6. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this Complaint occurred in this District.

## FACTS COMMON TO ALL COUNTS

### Bodum's CHAMBORD® Coffee Makers

7. Since at least 1982, Bodum has been engaged in the importation, promotion, distribution and sale of high-quality non-electric, French Press coffee makers, including

Bodum's CHAMBORD® coffee makers. For this period of time, Bodum has sold such coffee makers throughout the United States, including in this Judicial District.

8. Bodum, long prior to the acts of BB&B described in this Complaint, has extensively advertised and promoted its CHAMBORD® coffee makers.

9. As detailed below, Bodum owns and has common law rights in and to the trademark CHAMBORD®. Bodum has used the trademark CHAMBORD® since at least 1995 as a source identifier for, among other products, its non-electric, French Press coffee makers.

### The CHAMBORD® Marks

10. Bodum is the registrant, as successor by merger, for the distinctive CHAMBORD® trademark for non-electric coffee makers in International Class 21 (the "CHAMBORD® Coffee Maker Mark") registered with the United States Patent and Trademark Office (the "USPTO") as of March 19, 1991. A true and correct copy of Federal Registration Number 1638440 for the CHAMBORD® Coffee Maker Mark is attached hereto as **Exhibit A**.

11. Based on Bodum's continuous use of the CHAMBORD® Coffee Maker Mark in commerce for well over five years, as well as Bodum's timely filing of an Affidavit of Incontestability and an Affidavit of Use with the Director of the USPTO, Bodum's federally registered CHAMBORD® Coffee Maker Mark is now uncontestable under 15 U.S.C. § 1065.

12. Bodum is also the exclusive licensee of the distinctive CHAMBORD® trademark for a variety of houseware products in International Classes 7, 11 and 21 (the "CHAMBORD® Housewares Mark"; collectively with the CHAMBORD® Coffee Maker Mark, the "CHAMBORD® Marks") registered with the USPTO as of August 14, 2012. A true and correct copy of Federal Registration Number 4188618 for the CHAMBORD® Housewares Mark is attached hereto as **Exhibit B**.

13. Bodum has used, and continues to use, the CHAMBORD® Marks identified in Paragraphs 10 and 12 above in connection with its CHAMBORD® brand of non-electric, French Press coffee makers.

14. Bodum has spent, and continues to spend, substantial sums of money, time and effort to develop, produce, advertise and promote its CHAMBORD® coffee makers under its CHAMBORD® Marks.

15. As a result of the care and skill exercised by Bodum, and because of the extensive advertising, promotion and sale, and public acceptance of Bodum's CHAMBORD® coffee makers, Bodum's CHAMBORD® Marks have acquired a fine and valuable reputation. The public recognizes Bodum's CHAMBORD® Marks and identifies them with Bodum's products exclusively.

16. Bodum's CHAMBORD® Marks have acquired outstanding celebrity and symbolize the fine reputation and goodwill that Bodum has created by distributing and selling products of high quality by fair and honorable dealing with the industry and public in the distribution and sale thereof.

17. Bodum has spent, and continues to spend, substantial sums of money, time and effort to develop, advertise and promote the CHAMBORD® Marks and related products through, in part, distribution of catalogs and brochures, use of the Bodum.com website, advertising campaigns, national and international trade shows, fixture programs with retailers and demonstrations and training. Such efforts have created and reinforced the association of the CHAMBORD® Marks in the minds of the trade and the consuming public with Bodum's products.

18. Through Bodum's extensive promotion, advertising, marketing and sales of its CHAMBORD® coffee makers under the CHAMBORD® Marks, the CHAMBORD® Marks

have become well known to the general public and in the housewares industry as a source identifier for Bodum.

19. Bodum has also developed substantial goodwill, consumer recognition and value in its distinctive, federally registered CHAMBORD® Marks, and has acquired a reputation for quality products and nationwide public acceptance.

**BB&B Infringes Bodum's CHAMBORD® Marks and Engages in Unfair Competition**

20. For approximately twenty years, Bodum supplied BB&B with a number of products which BB&B sold across the United States.

21. Among the products supplied by Bodum to BB&B were Bodum's CHAMBORD® coffee makers, which bore the CHAMBORD® Marks. BB&B has been very successful in selling Bodum's CHAMBORD® coffee makers.

22. In or around early 2013, BB&B stopped ordering products from Bodum, including Bodum's CHAMBORD® coffee makers.

23. While BB&B continues to sell Bodum product which remains in BB&B's inventory, BB&B has absolutely no right to use Bodum's CHAMBORD® Marks outside of the sale of Bodum products.

24. Recently, however, Bodum discovered that BB&B has been using the CHAMBORD® Marks to sell non-electric coffee makers supplied by one of Bodum's competitors within the market.

25. Specifically, in its retail stores, BB&B has been displaying non-electric coffee makers produced by a competitor under the name Bonjour® with hangtags indicating that Bonjour®'s product is a "CHAMBORD COFFEE PRESS" and including Bodum's product identification number for its CHAMBORD® presses.

26. Attached hereto as **Exhibit C** are true and correct copies of photographs taken on or about December 5, 2013 in BB&B's 530 N. State Street location in Chicago depicting BB&B's display of three Bonjour® presses with a large tag reading "CHAMBORD COFFEE PRESS" prominently displayed over the center of the products, and obstructing the Bonjour® logos.

27. Attached hereto as **Exhibit D** are true and correct copies of photographs taken on or about December 5, 2013 in BB&B's 1800 N. Clybourn location in Chicago depicting identical placement of a large tag reading "CHAMBORD COFFEE PRESS" prominently displayed on a Bonjour® press.

28. Attached hereto as **Exhibit E** are true and correct copies of photographs taken on or about December 5, 2013 in BB&B's 555 W. Roosevelt location in Chicago depicting identical placement of large tags reading "CHAMBORD COFFEE PRESS" prominently displayed on two Bonjour® presses.

29. Attached hereto as **Exhibit F** are true and correct copies of photographs taken on or about December 5, 2013 in BB&B's 2838 N. Broadway location in Chicago depicting identical placement of a large tag reading "CHAMBORD COFFEE PRESS" prominently displayed on a Bonjour® press.

30. Furthermore, BB&B's wrongful use of the CHAMBORD® Marks is not isolated to the Chicago market.

31. Attached hereto as **Exhibit G** are true and correct copies of photographs taken on or about December 3, 2013 in BB&B's Tribeca location in New York City depicting BB&B's display of a Bonjour® press with a large tag reading "CHAMBORD COFFEE PRESS" prominently displayed over the center of the product, and obstructing the Bonjour® logo.

32. Attached hereto as **Exhibit H** are true and correct copies of photographs taken on or about December 10, 2013 in BB&B's location 31075 Orchard Lake Road location in Farmington Hills, Michigan depicting BB&B's display of two Bonjour® presses with large tags reading "COFFEE PRESSES CHAMBORD" and "CHAMBORD COFFEE PRESS" prominently displayed on the product. In view of the similarity of these wrongful practices in its Chicago, New York and Michigan stores, upon information and belief, BB&B is utilizing these improper practices in its stores throughout the United States.

33. Significantly, the tags are all dated many months after Bodum ceased supplying BB&B with product, and as recently as December 8, 2013. (Exs. C–H.)

34. BB&B also promoted a false connection between the CHAMBORD® Marks and Bonjour® products on its website.

35. Attached hereto as **Exhibit I** is an image from BB&B's website accessed on December 6, 2013 (http://www.bedbathandbeyond.com/store/product/BonJour-reg-Chambord-Coffee-Presses/111548?categoryId=12053) promoting the sale of a "Bonjour® Chambord Coffee Press." (Ex. I.)

36. Moreover, the non-electric coffee maker depicted on this webpage is actually one of Bodum's CHAMBORD® coffee makers, further increasing the potential for confusion among consumers regarding an affiliation between Bonjour® and the CHAMBORD® Marks. (Ex. I.)

37. As a result of the CHAMBORD® Marks, Bodum has the exclusive right to use the CHAMBORD® name in connection with non-electric coffee makers.

38. BB&B's prominent display of the CHAMBORD® name in connection with its promotion and sale of similar, competitive Bonjour® products inarguably creates an impression in the mind of consumers that there is an affiliation between the Bonjour® press being displayed and Bodum's CHAMBORD® presses marketed under the CHAMBORD® Marks.

39. BB&B's use of the CHAMBORD® Marks in connection with its promotion of Bonjour® products will undoubtedly result in confusion among members of the public that the Bonjour® press being displayed is actually one of Bodum's CHAMBORD® presses. The potential for confusion currently is enhanced by the increased shopping traffic of the holiday season.

40. The Bonjour® coffee makers promoted and sold in BB&B stores across the country and on BB&B's website are advertised, promoted and marketed in the same channels of commerce as Bodum coffee makers bearing the CHAMBORD® Marks in the United States, including this District.

41. Indeed, BB&B continues to promote the sale of actual Bodum products on its website *alongside* its wrongful promotion of Bonjour® products with the CHAMBORD® Marks. (See Ex. I.)

42. On information and belief, in light of BB&B's extended familiarity with the CHAMBORD® Marks and extensive sales of coffee makers bearing such Marks, BB&B was aware of Bodum's CHAMBORD® Marks and Bodum's hard-earned goodwill at all pertinent times prior to BB&B's first promotion and use of the CHAMBORD® Marks in connection with the sale and promotion of Bonjour® coffee makers.

43. On information and belief, BB&B has deliberately used the CHAMBORD® Marks without Bodum's consent in connection with BB&B's sale and promotion of competing coffee makers seeking to trade upon the hard-earned goodwill of Bodum, and BB&B has deliberately attempted to ride Bodum's coattails to capitalize on the CHAMBORD® Marks.

44. Confusion will be likely to result from BB&B's conduct unless enjoined by this Court.

45. Bodum has been, and will continue to be, seriously and irreparably injured unless BB&B's conduct is enjoined by this Court.

## COUNT I
## TRADEMARK INFRINGEMENT PURSUANT TO
## § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

46. Bodum restates and realleges Paragraphs 1 through 45 above as though fully set forth herein.

47. As the registrant or exclusive licensee of the CHAMBORD® Marks, which are validly registered with the USPTO as set forth above, Bodum is entitled to the protections afforded to trademark owners under the Lanham Act.

48. Through Bodum's extensive marketing and promotional efforts over a number of years as detailed above, Bodum's CHAMBORD® Marks and CHAMBORD® coffee makers associated therewith have become well recognized to the general public and within the housewares industry.

49. The CHAMBORD® Marks distinguish Bodum, its CHAMBORD® products, and the goodwill associated therewith from Bodum's competitors.

50. By promoting similar non-electric, French Press coffee makers produced by one of Bodum's competitors using Bodum's CHAMBORD® Marks, and promoting images of Bodum's CHAMBORD® coffee makers as having been produced by one of Bodum's competitors, BB&B is infringing Bodum's well-established trademark rights under United States trademark laws in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

51. BB&B's use and continued use of the CHAMBORD® Marks is without license from, or permission by, Bodum.

52. By the use and continued use of the CHAMBORD® Marks, BB&B has caused, and will continue to cause, confusion in the marketplace and has misled, and will continue to

mislead, the public into believing that the Bonjour® coffee makers being sold and promoted by BB&B are associated with or connected to the CHAMBORD® Marks and Bodum's products associated therewith, thereby depriving Bodum of the goodwill it has earned in the marketplace.

53. BB&B's use and continued use of the CHAMBORD® Marks in connection with products directly competing with Bodum's products is wrongful, intentional and in deliberate and knowing disregard of Bodum's exclusive ownership rights, of which BB&B has actual and constructive knowledge.

54. The trademark infringement complained of herein has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Bodum, for which Bodum has no adequate remedy at law. Bodum is therefore entitled to a preliminary and permanent injunction against further infringing conduct by BB&B.

55. BB&B has profited and is profiting from such infringement and Bodum has been and is being damaged by such infringement. Bodum is therefore entitled to recover damages from BB&B in an amount to be proven at trial as a consequence of BB&B's infringing activities.

56. BB&B's infringing conduct has been willful, wanton and malicious and done with an intent to deceive. Bodum is therefore entitled to an award of its reasonable attorneys' fees and costs, and treble damages, pursuant to 15. U.S.C. § 1117(a). Bodum is also entitled to, among other things, the cost of corrective advertising.

## COUNT II
## FEDERAL UNFAIR COMPETITION PURSUANT TO § 43(A) OF THE LANHAM ACT (15 U.S.C. § 1125(A))

57. Bodum restates and realleges Paragraphs 1 through 56 above as though fully set forth herein.

CHICAGO/#2520794.7

58. The CHAMBORD® Marks, as used by Bodum to identify its non-electric, French Press coffee makers and other houseware products, are inherently distinctive and/or have acquired secondary meaning in the marketplace.

59. BB&B's use of the CHAMBORD® Marks in connection with products highly similar to, and directly competitive with, products sold by Bodum under the CHAMBORD® Marks constitutes a false designation of origin, a false and misleading description of fact, and/or a false and misleading representation of fact which is likely to cause confusion and to cause mistake, and to deceive by wrongly suggesting some affiliation, connection or association between BB&B's sales of competitors' products and coffee makers offered by Bodum under Bodum's CHAMBORD® trademark. Such use by BB&B is also likely to create confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of BB&B's sale of these products by Bodum, in violation of 15 U.S.C. § 1125.

60. BB&B deliberately and knowingly adopted, used and continues to use the CHAMBORD® Marks in bad faith, with the intent to trade upon the goodwill established by Bodum, to create confusion in the public mind, and to misappropriate Bodum's rights in the goodwill it has established in the CHAMBORD® Marks, all to the irreparable injury of Bodum.

61. By reason of BB&B's unlawful activities, Bodum has been and is likely to be damaged in an amount to be proven at trial, and, unless BB&B's activities are restrained, Bodum will continue to suffer serious and irreparable injury, for which Bodum has no adequate remedy at law. Bodum is therefore entitled to a preliminary and permanent injunction against BB&B's further unfair competition in violation of the Lanham Act.

## COUNT III
## UNFAIR COMPETITION UNDER ILLINOIS COMMON LAW

62. Bodum restates and realleges Paragraphs 1 through 61 above as though fully set forth herein.

63. By promoting similar non-electric, French Press coffee makers produced by one of Bodum's competitors using Bodum's CHAMBORD® Marks and promoting images of Bodum's CHAMBORD® coffee makers as having been produced by one of Bodum's competitors, BB&B is using and plans to use marks that are associated or affiliated with or sponsored by Bodum, thus creating a likelihood of confusion between the products sold by BB&B and the products of Bodum. BB&B is thereby engaging in unfair competition with Bodum.

64. The acts of BB&B complained of herein constitute inequitable pirating of the fruits of Bodum's labor and are acts of unfair competition in violation of Illinois common law.

65. BB&B's actions are deliberate, willful and in complete disregard for Bodum's rights, of which BB&B has actual and constructive knowledge.

## COUNT IV
## VIOLATION OF ILLINOIS UNIFORM
## DECEPTIVE TRADE PRACTICES ACT (815 ILCS 510/1 *ET SEQ*.)

66. Bodum restates and realleges Paragraphs 1 through 65 above as though fully set forth herein.

67. By promoting similar non-electric, French Press coffee makers produced by one of Bodum's competitors using Bodum's CHAMBORD® Marks and promoting images of Bodum's CHAMBORD® coffee makers as having been produced by one of Bodum's competitors, BB&B has violated the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

68. BB&B's wrongful actions are likely to cause and, if not enjoined, will cause, deception, confusion in the marketplace, and irreparable harm to Bodum and Bodum's goodwill and exclusive trademark ownership rights, for which Bodum has no adequate remedy at law.

69. BB&B's actions are deliberate, willful and in complete disregard for Bodum's rights, of which BB&B has actual and constructive knowledge.

WHEREFORE, Plaintiff Bodum USA, Inc. requests that this Court enter judgment that Defendant Bed Bath & Beyond, Inc.:

A. infringed Bodum USA, Inc.'s rights in the CHAMBORD® Marks and competed unfairly with Bodum USA, Inc. by using the CHAMBORD® Marks to promote and sell similar coffee makers produced by one of Bodum's competitors;

B. infringed Bodum USA, Inc.'s rights in the CHAMBORD® Marks and competed unfairly with Bodum USA, Inc. by promoting images of Bodum's CHAMBORD® coffee makers as having been produced by one of Bodum's competitors;

C. unfairly competed with Bodum USA, Inc. and has violated the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq.*;

D. be, together with its officers, agents, servants, employees, attorneys, importers, suppliers and all persons in active concert and participation with it who receive notice, preliminarily and permanently enjoined from:

1. Using the CHAMBORD® Marks in connection with the advertising, marketing, promotion and/or sale of any products that are not manufactured and sold with Bodum's products;

2. Unfairly competing with Bodum USA, Inc.;

3. Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of its products or as to any affiliation, connection or association of it with or approval of it by Bodum USA, Inc., or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to Bodum; and

E. be directed to deliver up to this Court for destruction, pursuant to 15 U.S.C. § 1118, any tags, labels, or other materials in its possession using the CHAMBORD® Marks and refund any monies paid for products wrongfully sold under the CHAMBORD® Marks to its customers;

F. account and pay to Bodum USA, Inc. all profits received from the sale of products under the CHAMBORD® Marks;

G. pay to Bodum USA, Inc. its actual damages on account of BB&B's infringement, unfair competition and false representation, including, but not limited to, the reasonable value of the use of the CHAMBORD® Marks to BB&B and that, in view of the flagrant and deliberate character of such infringement and unfair competition, such damages be trebled;

H. award Bodum USA, Inc.'s reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a) and 815 ILCS § 510/1 *et seq.*; and

I. award for such other and further relief in favor of Bodum USA, Inc. as this Court deems proper and just.

## **DEMAND FOR JURY TRIAL**

Bodum USA, Inc. demands trial by jury.

Dated: December 10, 2013

Respectfully submitted,

BODUM USA, INC.

By: /s/ David E. Bennett
One of Its Attorneys

David E. Bennett
Robert S. Rigg
Jeremy R. Heuer
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL 60601-1003
(312) 609-7500